Salim Khawaja (State Bar No. 167650)
Law offices of Salim Khawaja, APC
3100 Mowry Avenue, Suite 300
Fremont, CA 94538-1509

Ph.: (510) 818-9001
Fax: (510) 818-1692

Attorney for: Plaintiff, Monica Mendoza

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Monica Mendoza,<br><br>Plaintiff,<br><br>vs.<br><br>AIMCO and VMS National Properties<br><br>Defendants. | Case No.<br><br>COMPLAINT |

## I.

## INTRODUCTION

1. This is a civil rights action by Plaintiff, Monica Mendoza, for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding residential apartment complex known as Pathfinder Village Apartments, located at 39800 Fremont, Boulevard, Fremont, California.

2. The plaintiff seeks compensatory and punitive damages, injunctive and declaratory relief, attorney fees and costs, against defendants pursuant to:

- The Americans With Disabilities Act of 1990;[1]
- Health and Safety Code Part 5.5;[2]
- The Unruh Act;[3]
- The Disabled Persons Act;[4]
- The Unfair Business Practices Act;[5] and
- Negligence.[6]

**II.**

**JURISDICTION**

3. This Court has original jurisdiction under 28 U.S.C. §§1331 and 1343 for ADA claims.

4. Supplemental jurisdiction for claims brought under parallel California Law—arising from the same nucleus of operative facts—is predicated on 28 U.S.C. §1367.

5. The plaintiff's claims are authorized by 28 U.S.C. §§2201 and 2202.

**III.**

**VENUE**

6. All the actions and omissions complained of herein took place within the jurisdiction of the US District Court, Northern District of CA. Accordingly, venue is invoked pursuant to 28 U.S.C. §1391 (b), (c).

**IV.**

**PARTIES**

7. The plaintiff has multiple conditions that affect one or more major life functions. The plaintiff requires the use of a wheelchair and/or other mobility-equipped devices or vehicles, when traveling about in public.

8. Consequently, the plaintiff is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

---

[1] 42 USC §12101 *et seq*.
[2] California Health and Safety Code §§51 *et seq*.
[3] California Civil Code §§51 *et seq*.
[4] California Civil Code §§54 *et seq*.
[5] California Business and Professions Code §§17200 *et seq*.
[6] California Civil Code §1714

9. Defendants consist of owners, operators, lessor and/or lessees of the premises, Pathfinder Village Apartments.

10. Defendants also consist of a person or persons, firm, partnership, or corporation.

11. On information and belief, the plaintiff alleges a joint venture and common enterprise by all defendants.

12. On information and belief, the plaintiff alleges that each defendant conspire to commit the acts described herein.

13. On information and belief, the plaintiff alternatively alleges that each defendant aided and abetted one another in the wrongful acts hereinafter alleged.

14. On information and belief, the plaintiff alleges each defendant is the agent, ostensible agent, master, servant, employer, employee, representative, franchisor, franchisee, joint venturer, alter-defendants. Accordingly, each defendant was acting, or failing to act, within the scope of their authority.

**V.**

**FACTS**

15. The apartment complex is a commercial facility, place of public accommodation, public facility, and/or other place that the general public is invited, which was constructed with private funds.

16. Defendants and each of them know that areas of the apartment complex were and are inaccessible to the physically disabled.

17. Defendants have the financial resources to make the apartment complex accessible to the physically disabled without much difficulty or expense by remodeling or by removing architectural barriers and modifying policies and procedures.

18. The plaintiff resides at the apartment complex and actually encountered architectural barriers and difficulties that denied her full and equal access.

19. Attached as Exhibit A is a true and accurate list, to the extent known by the plaintiff (with photos) of the condition and barriers that denied her access to the apartment complex, or which she seeks to remove on behalf of others under related state statutes.

20. The plaintiff is and has been denied the full and equal access (as required by United States and California statutes) during each visit and during her residency at the apartment complex.

21. The plaintiff is and was also deterred from moving, walking, and fully enjoying the apartment complex, because of actual knowledge that the full and equal enjoyments of the services, facilities, privileges, advantages, or accommodations at the apartment complex were not available to physically disabled patrons.

22. The plaintiff has suffered, or anticipates suffering, emotional and physical harm during her residency, or incidents of deterrence.

23. The plaintiff would continue to reside and enjoy the apartment complex, but for the future threat of discrimination by the defendants.

24. Because of defendants' acts and omissions, the plaintiff has suffered physical discomfort and injury, emotional distress, and mental suffering and distress.

25. All injuries suffered by the plaintiff are expectedly and naturally associated with the denial of equal access the apartment complex due to defendants' acts and omissions.

**VI.**

**FIRST CLAIM**

**Americans with Disabilities Act of 1990**

26. The plaintiff incorporates the allegations contained in paragraphs 1 through 25 for this claim.

27. Title III of the ADA holds as a 'general rule' that: No individual shall be discriminated against on the basis of disability by any person who owns, leases (or leases to), or operates a place of public accommodation.

28. Defendants discriminated against the plaintiff by denying full and equal enjoyment to the complex, parking lot, services, facilities, or accommodations, during every visit and residency at the apartment complex.

29. To date, defendants have not made the apartment complex readily accessible under Title III of the ADA.[7]

**Readily Achievable Barrier Removal/**

**Alternative Methods**

42 U.S.C. §§12182(b)(2)(A)(iv),(v)

30. The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable.[8]

31. When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable.

32. Readily achievable is defined as, "easily accomplishable and able to be carried out without much difficulty or expense." [9]

33. The plaintiff alleges that it is readily achievable for the defendants to remove the architectural barriers at the apartment complex under the standards set forth in the ADA.

34. Defendants violated the ADA by failing to remove the architectural barriers that were present at the Apartment, when it was readily achievable to do so.

35. In the alternative, if it was not "readily achievable" for defendants to remove the architectural barriers at the apartment complex, then they violated the ADA by failing to make the required services available through alternative methods, which were readily achievable.

**Design and Construction**

42 U.S.C. §12183(a)(1)

36. The ADA also prohibits: A failure to design and construct facilities for first occupancy after January 26, 1993, that are readily accessible to, and usable by, individuals with disabilities when it is structurally practicable to do so.[10]

---

[7] 42 U.S.C. § 12181 et seq.
[8] 42 U.S.C. §12183(b)(2)(A)(iv).
[9] 28C.R.F. § 36.304(a).
[10] 42 U.S.C. §12183(a)(1).

37. On information and belief, the Apartment was designed or constructed (or both) after January 26, 1992—independently triggering access requirements under Title III of the ADA.

38. Defendants violated the ADA by designing or constructing (or both) the apartment complex in a manner that was not readily accessible to the physically disabled public (including the plaintiff) when it was structurally practical to do so.

**Alterations**

42 U.S.C. §12183(a)(2)

39. The ADA also requires that: When a facility (or part thereof) is altered in a manner that affects (or could affect) its usability it must be altered in a manner that is readily accessible to individuals with disabilities to the maximum extent feasible.[11]

40. If the alteration affects (or could affect) access to a primary function at the facility, then the responsible entity shall ensure that the path of travel, common areas, bathrooms, telephones, and drinking fountains serving the altered area are readily accessible the maximum extent feasible.[12]

41. On information and belief, the apartment complex was modified after January 26, 1992, independently triggering access requirements under the ADA.

42. Defendants violated the ADA by altering the apartment complex in a manner that was not readily accessible to the physically disabled public (including the plaintiff) to the maximum extent feasible.

**Policy and Practices**

42 U.S.C. §f12182(b)(2)(A)(ii)

43. The ADA also specifically prohibits: A failure to make reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature.[13]

---

[11] 42 U.S.C. §12183(a)(2)

[12] 42 U.S.C. §12183(a)(2).

[13] 42 U.S.C. §12182(b)(2)(A)(ii).

44. Defendants violated the ADA by failing to make reasonable modifications in policies, practices, or procedures (e.g. placement of movable displays) when these modifications were necessary to afford, and would not fundamentally alter the nature of, these goods, services, facilities, or accommodations.

45. The plaintiff seeks all relief available under the ADA (i.e. permanent or temporary injunction, restraining order, or other order) to address these violations.[14]

46. The plaintiff also seeks a finding from this Court—declaratory relief—that defendants violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

47. The plaintiff also seeks attorney fees and costs under the ADA.

**VII.**

**SECOND CLAIM**

**Disabled Persons Act**

Civil Code §§54 *et seq*.

48. The plaintiff incorporates the allegations contained in paragraphs 1 through 47 for this claim.

49. California Civil Code §54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, facilities, public buildings and facilities, and other public places.[15]

50. California Civil Code §54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, common areas, and other places to which the general public is invited.[16]

51. Both sections specifically incorporate (by reference) an individual's rights under the ADA.[17]

52. Defendants discriminated against the physically disabled public (including the plaintiff) by denying her full and equal access to the apartment complex.

53. Thus, the plaintiff's rights under the Disabled Persons Act were infringed upon and/or violated by the defendants.

---

[14] 42 U.S.C. §12205 (incorporating the remedies under 42 U.S.C.§2000a-3(a)).
[15] California Civil Code §54(a).
[16] California Civil Code §54.1(a)(1).
[17] California Civil Code §54.1(d).

54. Defendants also violated the Disabled Persons Act by infringing upon and/or violating the plaintiff's rights under the ADA.

55. For each offense, the plaintiff seeks actual damages and any amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than one thousand dollars ($1,000).

56. The plaintiff also seeks general and special damages, declaratory relief and any other remedy available under California Civil Code §54.3.

57. The plaintiff also seeks to enjoin defendants from violating the Disabled Persons Act (and ADA) under California Civil Code §55.

58. The plaintiff also seeks recovery for all reasonable attorneys' fees incurred under California Civil Code §54.3, and §55.

59. Finally, this lawsuit will benefit the public by compelling defendants to make the apartment complex accessible to the physically disabled public—thus, justifying attorneys' fees under California Code of Civil Procedure §1021.5.

**VIII.**

**THIRD CLAIM**

**Unruh Civil Rights Act**

Civil Code §§51 et seq.

60. The plaintiff incorporates the allegations contained in paragraphs 1 through 59 for this claim.

61. The Unruh Act states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.[18]

62. The Unruh Act also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.[19]

---

[18] California Civil Code §51.
[19] California Civil Code §51.5.

63. The Unruh Act also specifically incorporates (by reference) an individual's rights under the ADA.[20]

64. Defendants' aforementioned acts and omissions denied the physically disabled public (including the plaintiff) full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of her physical disability) in violation of the Unruh Act.

65. These aforementioned acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against the plaintiff by violating the Unruh Act.

66. The plaintiff was damaged by the defendants' wrongful conducts, and seeks all available relief under Civil Code §52.

67. This relief includes actual damages and any amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than four thousand dollars ($4,000.) for each offense.[21]

68. The plaintiff also seeks to enjoin defendants from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code §52(a).

69. Finally, the plaintiff's lawsuit is intended to compel defendant to make the apartment complex accessible to all members of the physically disabled public—justifying attorneys' fees under California Code of Civil Procedure §1021.5.

**IX.**

**FOURTH CLAIM**

**Denial of Full and Equal Access to a Person with Physical Disabilities in Public Facilities**

Health and Safety Code Part 5.5

70. The plaintiff incorporates the allegations contained in paragraphs 1 through 69 for this claim

71. Health and Safety Code §19955(a) states, in part, that California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code §4450.

---

[20] California Civil Code §51.

[21] California Civil Code §52(a); this relief includes statutory minimum damages for each actual visit and incident of deterrence.

72. Health and Safety Code §19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

73. On information and belief, the plaintiff alleges the apartment complex was constructed prior to July 1, 1970, and that areas were altered or structurally repaired in a manner that violates Part 5.5 of the Health and Safety Code.

74. In the alternative, on information and belief, the plaintiff alleges that the apartment was constructed after July 1, 1970, in a manner that violates Part 5.5 of the Health and Safety Code or Government Code §4450 (or both).

75. The Apartment is a public accommodation or facility (as defined by Part 5.5 of the Health and Safety Code),[22] which is not exempted by Health and Safety Code §19956.

76. Defendants' non-compliance with these requirements at the apartment complex aggrieved (or potentially aggrieved) the plaintiff and other persons with physical disabilities.

77. Accordingly, the plaintiff seeks injunctive relief under Health and Safety Code §19953.

78. The plaintiff also incurred legal expenses in order to enforce government Code §§4450 *et seq*. Health and Safety Code §§19955 *et seq*.

79. Therefore, the plaintiff seeks attorneys' fees under the Health and Safety Code §19953.

80. Finally, the plaintiff's lawsuit is intended to compel defendants to make the Apartment accessible to all members of the physically disabled public—justifying attorneys' fees under California Code of Civil Procedure §1021.5.

**X.**

**FIFTH CLAIM**

**Unfair Business Practices Act**

Business and Professions Code §§17200 et seq.

81. The plaintiff incorporates the allegations contained in paragraphs 1 through 80 for this claim.

---

[22] Health and Safety Code §19955(a).

82. California Business and Professions Code §17203 states, in part, that: Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction.

83. "Unfair competition" includes any unlawful business act or practice.[23]

84. Defendants' business practices were "unlawful" in that they violated applicable California and United States laws (identified above).

85. Defendants' unlawful business practices denied the physically disabled public (including the plaintiff) full and equal access to the apartment complex.[22]

86. Therefore, as long as the plaintiff has standing under Article III, she seeks injunctive relief to end defendants' unlawful acts (i.e., remove all barriers identified in Exhibit A) on behalf of her own interests and those interests of the disabled public.

**XI.**

**SIXTH CLAIM**

**Negligence Per Se**

California Civil Code §1714

87. The plaintiff' incorporates the allegations contained in paragraphs 1 through 86 for this claim.

88. Defendants had a duty to comply with the aforementioned California and United States laws or regulations (or both).

89. These aforementioned laws and regulations, violated by defendants, were adopted to protect the class of physically disabled persons (including the plaintiff) from injury.

90. These violations were the proximate cause of the plaintiff's aforementioned injuries.

91. The plaintiff suffered physical and emotional injuries resulting from occurrences (the nature of which) these laws or regulations were designed to prevent.[24]

92. Defendants knew (or should have known) that the physically disabled individuals (including the plaintiff) were denied full and equal access to the Apartment.

---

[23] California Business and Professions Code §17200.

[24] Hudge v. Seiler, 558 F 2d 284 (5th Cir. 1977).

93. Defendants' acts and omissions evince oppressive, fraudulent, or malicious conduct in conscious disregard for the right or safety of the plaintiff (and the physically disabled public).

94. Thus, the plaintiff, in addition to the actual damages, seeks damages for the sake of example and by way of punishing defendants under California Civil Code §3294 in a sufficient amount to accomplish that purpose.

95. The plaintiff seeks interest under California Civil Code §3291 too.

## XII.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff prays judgment against the defendants for:

1. Injunctive relief, preventive relief, or any other relief the Court deems proper under:

- 42 U.S.C. §12205;
- California Civil Code §52;
- California Civil Code §55; and
- California Health and Safety Code §19953;

2. Declaratory relief that defendants violated the ADA, Unruh Act, or Disabled Persons Act;

3. Statutory minimum damages under either California Civil Code §52(a), but not both, for each actual visit or incident of deterrence (according to the proof);

4. General and special damages in the amount of $500,000.00;

5. For attorneys' fees, litigation expenses and costs of suit pursuant to:

- 42 U.S.C. §12205;
- California Civil Code §52;
- California Civil Code §54.3;
- California Civil Code §55;
- California Code of Civil Procedure §1021.5; and
- California health and Safety Code §19953;

6. Interest at the legal rate from the date of the filing of this action;

7. Punitive damages pursuant to Civil Code §3294;

8. Prejudgment interest pursuant to Civil Code §3291; and

9. Such other and further relief as the court may deem proper.

DATED: _____________ Law Offices Of Salim Khawaja, APC

By: ___________________________________
Salim Khawaja, Esq.,
Attorney for Plaintiff, Monica Mendoza